

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXXXXXXXXXX~~
~~WILL WILSON~~
ATTORNEY GENERAL

January 28, 1939

Hon. Joe Gordon
County Attorney
Gray County
Pampa, Texas

Dear Sir:

Opinion No. O-198
Re: Collection of county debts
by attorneys

Your request for an opinion upon the following question:

"Whether or not a private lawyer, who also happens to be
county attorney, under a contract with the Commissioners' Court
as a private attorney, may retain 10% attorney's fee for.
collecting vendor's lien note stipulated in said vendor's lien
note as attorney's fee, said vendor's lien note being given in
part payment of school land, which had been placed in his hands
for collection by the Commissioners' Court of his county?"

has been received by this Department.

In your letter, you further state that as County Attorney of Gray
County, you are paid on a salary basis as provided by the Officer's
Salary Law and that you are required to pay all commissions and .
fees of office to Gray County as provided by said Officer's Salary
Law. You further state that Gray County sold its school land as
provided by Article 2824, Revised Civil Statutes of Texas and
Article 7, Section 6 of the Constitution of the State of Texas,
and that the county took in payment therefor a vendor's lien
note secured by a lien retained in the deed of conveyance. That
the debtor became delinquent and the Commissioners' Court of.
Gray County placed the note in your hands for collection and that
you, in the capacity of a private attorney and not as an official
and not as county attorney of Gray County, made and entered into
a contract with the Commissioners' Court of Gray County whereby
said court agreed to pay you the 10% attorney's fees stipulated
in the vendor's lien note. You further state that you collected
the indebtedness including principal, interest and interest on
delinquent interest from the debtor, and in addition thereto, a
10% attorney's fee provided for in said note. You further state
that you did not retain the 10% thereof as a commission which you
would have retained if you had been acting as an official as was
authorized by Article 335 of the Revised Civil Statutes of Texas,

to be retained as a fee and to be paid to the Officer's Salary Fund of the county.

Your contention is, as we see it, that the agreement between the court and you was that the note should be placed with you as a practising lawyer rather than as an official, that the collection of the vendor's lien note was not a duty required of you by law as County Attorney and that, therefore, the Commissioners' Court had power and authority to contract with you to collect said indebtedness as it would with any other private attorney and pay you the same fee that they would pay any other private attorney and that, therefore, you are entitled to retain the fee stipulated and agreed upon between you and the Commissioners' Court.

You are respectfully advised that it is the opinion of this Department that you are correct in your contention and that you should be allowed to retain the 10% attorney's fee for collecting said note as agreed upon by and between you and the Commissioners' Court of Gray County, Texas. It is further the opinion of this Department that the collection of the vendor's lien note above-mentioned was not a duty required of the County Attorney by law and that, therefore, Article 335 does not apply.

We enclose herewith a copy of an opinion rendered by Hon. H. Grady Chandler on May 25, 1938, which is deemed pertinent to your inquiry.

Trusting that this answer your inquiry, we remain

Very truly yours
ATTORNEY GENERAL OF TEXAS

s/ Wm. J. Fanning

WJF:AW/cg
ENCLOSURE

Assistant

APPROVED:
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS